## KNOX v. SINGMASTER *et al.*

1.  **Deed:** DAUGHTER TO FATHER: UNDUE INFLUENCE: RESCISSION.
    Courts of equity will closely scrutinize a deed made to a parent
    by a child who has just become of age; and in many cases the
    fact that a deed has been so executed is sufficient to justify a
    court of equity in setting it aside. ( Compare *Spargur v. Hall*, 62
    Iowa, 500 ; *Samson v. Samson*, 67 Iowa, 258.) But where, as in
    this case, a daughter, who had only shortly before reached her
    majority, conveyed to her father, without consideration, land
    which he had some years before conveyed to her without consider-
    ation, and for the sole purpose of divesting himself, for the time
    being, of the legal title, it being about all the property he
    then owned ; and he had not ceased to treat the land as his own,
    making improvements and paying taxes, and almost continuously
    occupying it personally ; and the daughter was intelligent and
    fairly educated, and knew her rights and the value of the land, and
    she made the deed without any threats, promises or inducements,
    but because she thought that the land of right belonged to her father,
    *held* that the conveyance was a valid one, and could not be set
    aside at the suit of the daughter after she, through the influence
    of others, became dissatisfied with her act.

2.  **Parent and Child:** CONVEYANCE AND RECONVEYANCE: RIGHT TO
    RENTS. Where a father conveys land to a minor child without
    consideration, but continues to occupy and use it himself, and the
    child, after becoming of age, reconveys it to the father, without
    any agreement as to the rents during the time the title was in the
    child, the father will be holden to the child for the reasonable rental
    value of the land for such time, less the amount of taxes on the
    land accruing during that time and paid by the father.

*Appeal from Washington District Court.*—HON. D.
RYAN, Judge.

FILED, SEPTEMBER 6, 1888.

ACTION to set aside a conveyance of real estate, and
to recover rents. The district court rendered a decree
setting aside the conveyance, and adjudging that plain-
tiff recover of defendant Frank Singmaster the sum of
$398.66 for rents. The defendants appeal.

*C. J. Wilson, Dewey & Eicher* and *E. S. Sampson,*
for appellants.

*H. & W. Scofield*, for appellee.

ROBINSON, J.—During the fall of the year 1875 the defendant Frank Singmaster purchased the farm in controversy, and at once made it his home.   His first wife died the next spring, and he left the farm.   In the spring of 1877 he conveyed it to his three minor children, of whom plaintiff was one.   No consideration was paid for this conveyance, and it seems to have been made for the purpose of placing the farm beyond the reach of creditors.   In December, 1877, Singmaster married his second wife, the defendant Lizzie.   In the spring of 1878 he returned to the farm, and has resided upon and farmed it continuously since ; making repairs and improvements, and paying taxes at his own expense, and treating the farm in all respects as his own.   After her father's second marriage, the plaintiff made her home with him nearly all the time until the spring of 1881, when she went to her grandparents, a few miles away, and remained with them until October, 1882.   She then returned to her father's house, and there made her home until January, 1884, when she left it, and has not since returned. While living with her father the last time, and four days after she attained her majority, to-wit, on the seventeenth day of April, 1883, she executed the deed in controversy, conveying to her father her interest in the farm.   Since January, 1884, she has made her home a large part if not all the time with her grandparents.   March 12, 1885, she was married, and two weeks later she filed her petition in this case.

I.   The farm in controversy consists of one hundred and forty acres, worth from four to five thousand dollars.   The consideration recited in the deed

1. DEED : daughter to father : undue influence : rescission.

from plaintiff to her father was "natural love and affection," and none other was paid. Plaintiff seeks to have this deed set aside, on the ground that it was obtained by undue and improper influences.   She alleges that defendants, by means of various acts and devices, obtained her confidence, kept her from communication with friends and those compe-

tent to advise; and, taking advantage of her youth and inexperience in business matters, procured the deed. We have examined the evidence submitted with care, and conclude that the charges of improper acts on the part of defendants are not sustained. Plaintiff seems to have been well treated while living with her father, and to have been supplied with all things necessary for her comfort and station in life. Her step-mother was evidently faithful to her trust, and sought the best interests of her charge. The plaintiff lived with her father voluntarily, and was under nothing but a wholesome and proper restraint while at his house. Nothing was ever said to her about the conveyance of her interest to her father until two days before the deed was made. She was then asked if she would make the deed, and said that she would, and the deed was made accordingly. She knew about the value of the land at the time, and her rights were explained to her when the deed was executed. At this time she was entirely satisfied to make the deed, and on the same day explained to a friend that the land had been conveyed to herself and sisters because of the embarrassments in business of her father. She was evidently of the opinion at that time that the land rightfully belonged to her father. She is shown to have been well educated in the various branches of a common-school education, and to be intelligent. She admits that she agreed to make the deed without threat or promise or inducement of any kind. It is true she says that after she had told her father she would make the deed, he told her she might make a visit to distant friends; but this is denied by the father, and plaintiff admits that she never spoke of the matter to either defendant afterwards. She seems to have been satisfied with what she had done until after she left home the next winter. Some time after the deed was made defendants discovered that she was receiving attention from the person she afterwards married, and they objected to him as not a suitable person for her to marry. The grandparents show considerable feeling against defendants, and one or two other relatives seem to encourage the plaintiff in

prosecuting this suit. In fact, we cannot come to any other conclusion than that this action would never have been deemed advisable by plaintiff except for the interference of others. Appellee insists that the deed is *prima facie* void, because made, without consideration, by a child to a parent. It is true that deeds of this character are closely scrutinized by courts of equity, especially where, as in this case, the child is but just released in law from parental control. In many cases the fact that a deed was so executed would be sufficient to authorize a court of equity to set it aside. *Samson v. Samson,* 67 Iowa, 258; *Spargur v. Hall,* 62 Iowa, 500. But each case depends largely upon its own facts. In this, if the property conveyed by the child had been acquired from some other source than the father, or if, having been derived from him, it had constituted but a part of his property, and had been conveyed as an absolute gift, with no purpose of retaining an interest in it, we should be inclined to apply a different rule from that which must govern under the facts as we find them. The evidence satisfies us that the property conveyed by Frank Singmaster to his children included about all that he then owned; that it was not his purpose to divest himself of the ownership of the land, but to protect his beneficial interest therein by transferring the legal title to his children; that he has always retained control of the land, and treated it as his own. It is true that the purpose of the conveyance was fraudulent in law, and that he could assert no adverse claim without the consent of his grantees. But the fact that the land was always treated and considered by all the parties in interest as belonging to the father, notwithstanding the conveyance, and that no consideration passed from plaintiff therefor, may well be considered, in connection with her act of reconveyance, as explaining her reasons for it. We are satisfied that plaintiff was competent to make the deed in question; that it was her free and voluntary act, made without undue influence, and for what she considered a praiseworthy object. We think it must be held valid.

II.  The district court rendered judgment in favor of plaintiff for rent for the five years preceding the commencement of this suit.  It is contended by appellants that, if plaintiff's deed is sustained, no rent can be allowed; and that it ought not to be allowed in any event, for the reason that the property was derived from the father, and under section 2243 of the Code no guardian was required.  We do not think that either of these claims is well founded.  While it is true that plaintiff conveyed the land to her father with the belief that he was justly entitled to it, yet, in law, she had owned an undivided one-third of it, and as owner was entitled to a share of the rents and profits.  Nothing was said by the parties, and nothing was expressed in the deed in regard to the rents.  The right to them had accrued, and did not pass with the deed nor otherwise; hence we think the plaintiff was entitled to recover them.  The fact that plaintiff had acquired title from her father did not release him from liability to account to her for the rental value of her interest.  Section 2243 does not require the appointment of guardians in certain cases, but it does not affect the property rights of minors who fall within its provisions.  The district court erred in allowing for rent which accrued for the time subsequent to the making of the deed by plaintiff.  The appellants ask that a proper allowance be made for taxes and improvements, and deducted from the rents due to plaintiff. We do not find it necessary to make any allowance for improvements, but think one-third of the taxes paid for the three years for which we allow rent should be deducted from the rents to which plaintiff is entitled. We find that the rental value of the entire farm was two hundred and eighty dollars per year, and that the taxes for the three years in question amounted to $80.50.  The amount which plaintiff is entitled to recover is $253.17, with interest thereon at six per cent. per annum from the seventeenth day of April, 1883.  The decree of the court is therefore

2. PARENT and child : conveyance and reconveyance: right to rents.

MODIFIED AND AFFIRMED.